UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAMLO ADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1972 HEA |
| | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court, pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.,* authorizing judicial review of the final decision of the Commissioner of Social Security denying Title XVI application for Supplemental Security Income ("SSI") . For the reasons discussed below, the Commissioner's decision is reversed and this matter will be remanded.

The ALJ concluded that Plaintiff could perform her past work and could also perform other jobs in the national economy with the limitations the ALJ found based on credible evidence.

Plaintiff argues that the ALJ incorrectly found Plaintiff was not disabled because she did not take into consideration Plaintiff's inability to read and speak English, a factor to be considered in considering a claimant's education.

Furthermore, Plaintiff argues that the Vocational Expert's opinion, which Plaintiff claims is based solely on the DOT job categories, does not take into consideration Plaintiff's inability to read and write English.

Defendant counters Plaintiff's argument by asserting that the VE's opinion is based, not solely on the DOT classifications of jobs, but on her own qualifications as a vocational expert and she relied on those qualifications, experience, training, and expertise in reaching her conclusions. Defendant also argues that the VE knew that Plaintiff could not read or write English because of the interpreter. Both of these arguments are unsupported by any evidence in the record; they are merely attempted explanations in an attempt to justify the ALJ's conclusion that Plaintiff is able to perform her past jobs, and other jobs in the national economy. If these explanations are accurate, there must be evidence in the record to support them.

In her decision, the ALJ pointed out that Plaintiff's previous jobs were with other Somali women, which may or may not have factored into Plaintiff's ability to maintain the jobs; even though Plaintiff could not read or speak English, the other

women may have helped her perform her job functions. The record does not develop this one way or the other.

The Court concludes that based on the entire record, there are too many suppositions, assumptions and unsupported conclusions. The ALJ did not factor into her decision the fact that Plaintiff cannot speak or write English, and how this fact, in conjunction with her severe impairments of headaches, a psychotic disorder not otherwise specified, also defined as an undifferentiated schizophrenia, and a personality disorder, affected Plaintiff's ability to work. As such, the matter will be remanded.

**Conclusion**

Accordingly

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed.

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further proceedings for a development of the record with regard to Plaintiff's inability to read and write English, how this inability relates to Plaintiff's severe impairments, and what, if any effect it has on Plaintiff's ability to

engage in gainful employment.

A separate judgment is entered this same date.

Dated this 28th day of September, 2018.

_____
　　HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE